## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SONY CORPORATION; and SONY
ELECTRONICS INC.,

                                   Plaintiffs,

v.

DIGITAL4LESS, INC.; and
AIJAZ ISHAQ,

                              Defendants.

CASE NO. L:1L-CV-1893-OL1- 28G7L

## COMPLAINT

Plaintiffs, complaining of the activities of Defendants herein for its Complaint, allege as follows:

## THE PARTIES

1.     Plaintiff, Sony Electronics Inc., is a corporation organized and existing under the laws of the State of California, having a principal place of business at 16350 Via Esprillo, San Diego, California 92127, and is a subsidiary of Sony Corporation of America, which is a subsidiary of Plaintiff, Sony Corporation, which owns rights in the marks at issue in this litigation ("Plaintiffs' MARKS").

2.     Sony Electronics Inc. is the authorized provider of audio/video electronics and information technology products for the consumer and professional markets under the famous trademarks and service marks owned by Sony Corporation ("Sony's Products") in the United States of America and the State of Florida, and Sony Electronics Inc. owns and operates a retail establishment authorized to sell and service Sony's Products located at 4200 Conroy Road in

Orlando, Florida ("Retail Location").

3.      Plaintiffs' operations include research and development, design, engineering, sales, marketing, distribution, and customer service for Sony's Products under Sony's famous trademarks and service marks.

4.      Sony Corporation, Sony Electronics Inc. and the Retail Location of Sony Electronics Inc. are being harmed by unauthorized sales of Sony's Products and servicing of Sony's Products by unauthorized establishments. Sony Corporation, Sony Electronics, Inc. and its Retail Location are collectively referred to herein as "Plaintiff," "Plaintiffs" or "SONY".

5.      **Exhibit A** shows the authorized use of SONY's trademarks at its Retail Location.

6.      Defendant - Digital4Less, Inc. - is a corporation organized and existing under the laws of the State of Florida with a principal place of business at 5001B West Irlo Bronson Hwy., Kissimmee, Florida 34746, and upon information and belief, Defendant – Digital4Less, Inc. – is doing business under the name Digital 4 Less / Laptops 4 Less at 5001B West Irlo Bronson Hwy 192, Kissimmee, Florida 34746.

7.      Upon information and belief, Defendant - Aijaz Ishaq – an individual, is a resident of Florida and operates and is directly responsible for the direction and control of the infringing and unlawful acts of Digital4Less / Laptops4Less at 5001B West Irlo Bronson Hwy 192, Kissimmee, Florida 34746, under which the infringing and unlawful acts complained of herein are being conducted, and has direct interests, including pecuniary interests, in said infringing and unlawful acts and is jointly and severally liable for the infringing and unlawful acts of Digital4Less, Inc.

8.      Digital4less, Inc. and Aijaz Ishaq are referred to collectively herein as "Named Defendants".

## JURISDICTION

9.      This Court has personal jurisdiction over the Named Defendants by reason of their transaction and conducting of business and residency in the State of Florida and in the District of Orlando and their commission of tortious acts within or without the State of Florida

2

and this District having consequences within the State of Florida and the District of Orlando; therefore, jurisdiction and venue are proper in the Middle District of Florida and the District of Orlando.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

11.    The subject matter jurisdiction of this Court over Counts I and II rest upon the grounds that they arise under the Trademark Act of 1946 (as amended), 15 U.S.C. § 1051 et seq., and this Court therefore has original jurisdiction over these Counts pursuant to 28 U.S.C. § 1338(a).

12.    Counts III and IV are joined as substantially related claims and, accordingly, subject matter jurisdiction for these Counts is conferred upon this Court pursuant to 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Famous MARKS

13.    Plaintiffs are a prominent and well known provider of radios, televisions, tape recorders (sound recording and reproduction machines), and accessories and parts thereof, namely cabinet stands, carrying cases, rechargeable battery packs, car battery cords, antennas, hand straps, and parts thereof, tape for tape recorders, reels for tape, audiotapes featuring music recital and education programs, wired and wireless microphones, announcing machines, loudspeakers for stereophonic and monophonic sound reproduction, automatic-transformers, erasers of recorded tape, microphone-mixers, amplifiers, inverters, monoprinters, signal tracers, signal injectors, transistors, batteries, electric vacuum-tubes, converters (rectifier units for operation of battery radio), pickups, electric-communicating apparatus, namely, facsimile telephones and telephones with two way video transmitters, dictating machines, television cameras, electrical sound recording apparatus, comprising electric record players, electrically driven record changers, and automatic phonograph record changers, video tape recorders, video

disc players, video cameras, recorded video tapes featuring motion pictures and musical performances, unrecorded video tapes, computers, word processors, telephones, computer work stations, computer programs and program manuals al sold as a unit for use in the field of business, industry, financial accounting, operating programs, word processing and database management; compact disc players, transceivers, headphones, personal stereos, car stereos, tuners, cartridges, speakers, unrecorded audio cassette tapes, and prerecorded cassette tapes featuring musical performances, earphones, graphic equalizers, electric juicers, electric irons, nine volt batteries, binoculars, radios combined with alarm clocks, semi-conductors, television tubes, computer monitors, computer floppy discs, magnetic scales, vidicons, magnetic heads for tape recorders, cathode ray tubes, remote control units for television receivers, magnetic measuring apparatus and digital counter, bimorph tracking heads which provide for variable playback speeds for video tape recorders, digital micro meters; pulse code modulation audio systems, namely pulse code modulation audio units, magnetic video recorders and/or players and magnetic media therefor, namely video tapes featuring entertainment and educational programs; high fidelity sound units used as external component parts of television systems, television monitors with and without television tuners; electronic digital gauging system comprised of digital display units, gauging probes, calibration rings and calibration blocks, non-electric sound amplifiers in the shape of headphones, color temperature switches for television receivers, projection televisions, video cameras combined with video tape recorders, floppy disc drives, computer joysticks, computer connection cables and connectors, high speed video tape duplicating machines, color video projectors, micro televisions, compact disc changers used to playback a selection of multiple compact discs, video camera lenses, optical scales and encoders for (linear or angular) position sensing, utilizing lasers, units for measuring displacement (linear or angular) which utilize diffraction grating and laser units, floppy disc video players, floppy disc video cameras, floppy discs for use in video players and cameras; video tape recorder accessories, namely, editors, switchers, special effects generators and remote controls; replaceable fluorescent television picture tubes which function as single pixels in giant television

screens, time base correctors; video camera control units comprised of video camera signal processor, video camera control power unit, video camera operational control unit and wave form monitor; video camera accessories, namely, optical fiber links, video camera image enhancers and video camera cable; electronic still cameras and parts and accessories therefor, namely, magnetic disks; computers, word processors, floppy discs and typewriters adapted for use with data recording apparatus; video tape recorders, video disc players, video cameras, and recorded video tapes in addition to unrecorded video tapes (collectively referred to as "SONY Products").

14.     Since at least as early as 1982 and long prior to the complained of activities of each of the Named Defendants, Plaintiffs and its predecessors in interest have used their **SONY** trademarks and service marks in connection with advertising, promotion, sale and distribution of SONY Products.

15.     Plaintiff SONY Corporation, is the owner, of the following federal trademark registrations which are on record with the U.S. Patent and Trademark Office:

| Reg. Number | Trademark | Issued |
|---|---|---|
| 1,207,979 | SONY | September 14, 1982 |
| 1,258,436 | SONY | November 22, 1983 |
| 1,622,127 | SONY | November 13, 1990 |

The aforementioned marks either with or without punctuation and design elements shall hereinafter be referred to individually or collectively as Plaintiffs' MARKS. The above-referenced registrations, copies of which are annexed hereto as **Exhibit B**, are valid, current and presently subsisting. All of the registrations have been continuously used in U.S. commerce and registered on the Principal Register of the U.S. Patent and Trademark Office ("USPTO") for more than five years from the issuance of the registrations and are the subject of Declaration

filings with the USPTO under Section 15 of the Lanham Act, 15 U.S.C. § 1065 and are therefore deemed to be incontestable.

16.     Plaintiffs and their predecessors in interest have over the years expended large sums of money and great time and effort in developing Plaintiffs' MARKS as symbols identifying the source or origin of the high quality SONY Products. In addition, Plaintiffs and their predecessors in interest have expended substantial sums in connection with the advertising and promotion of Plaintiffs' MARKS, worldwide and in the entirety of the United States of America.

17.     Promotional materials and advertisements of SONY Products that include Plaintiffs' MARKS have been distributed and are recognized by consumers and are famous throughout the United States and the world.

18.     Attached hereto as **Exhibit A** is a copy of an image showing a specimen of use of Plaintiffs' MARKS as used in relation to its Retail Location in Orlando, identifying the Retail Location as a SONY Store.

19.     SONY Products sold by Plaintiffs and its predecessors in interest under Plaintiffs' MARKS have also been the subject of numerous unsolicited references in the media.

20.     As a result of the foregoing advertising, promotion and media exposure, the SONY Products under the Plaintiffs' MARKS have had substantial sales and other attributes of commercial success, and Plaintiffs' MARKS have over the years been rendered in thousands of authorized locations in the United States.

21.     Plaintiffs' present activities can be reviewed at its websites at www.sony.com and www.sony.net. Some examples of SONY Products associated with Plaintiffs' MARKS are provided in pages copied from Plaintiffs' websites, which are attached hereto as **Exhibit C**.

22.     Plaintiffs have multiple authorized locations in Florida, including within the District of Orlando, where its products are being sold and services are being rendered under Plaintiffs' MARKS. SONY provides end users with a limited warranty in the United States for some of SONY's Products that provides material benefits to end users including, at SONY's

6

option, to repair or replace a product determined to be defective for a defined period such as one (1) year from the original date of purchase, and upon information and belief, some products sold by Named Defendants include a warranty that does not cover "...product purchased from other than Sony or a Sony Retailer." Sales by other than SONY or Sony Retailers are not covered by SONY's limited warranty for consumer products that include this limitation in the limited warranty. Named Defendants are not Sony Retailers and consumer products subject to these warranty limitations that are sold by Named Defendants are not entitled to the material benefits provided by SONY's limited warranty. Sony Retailers are enrolled in the Sony Retailer Network, are properly trained on SONY Products by SONY so that they can answer end user's questions, can provide assistance in setting up end user's products, stay informed about new technologies, are committed to providing excellent customer service, have direct access to SONY product managers and customer service representatives, receive continuous training with SONY representatives to make sure their retail service associates get the most up-to-date product information from SONY, offer all the latest SONY value-added promotions, treat customers with professionalism, provide manufacturer supplied product accessories, sell factory-fresh products, only deal with factory-authorized merchandise, which hasn't been tampered with or had its serial numbers altered by unauthorized third-party resellers, and can assure a customer that the SONY products being sold are serviced by Sony Service Centers. Named Defendants are not enrolled in the Sony Retailer Network and have not received training. SONY is unable to assist end users who experience difficulty with service or SONY Products purchased from Named Defendants.

23. By virtue of the extensive usage, advertising, promotion and media exposure of Plaintiffs' MARKS, these marks have become extremely famous and well-known among the trade and public in the United States of America and worldwide, have acquired substantial goodwill and public recognition and have become strong and are entitled to a wide scope of protection.

**Defendants' Infringing Activities**

24. The Named Defendants are providers of memory cards, cameras, video

7

cameras, cellular telephones, batteries, other accessories for use in such electronic devices and customer service ("Defendants Products and Services").

25.     The Named Defendants are providing Defendants Products and Services under trade names and service marks which consist of and/or incorporate the Plaintiffs' MARKS including, without limitation, large and prominent SONY signs on Named Defendants' store front, causing actual confusion among consumers of SONY Products that the Named Defendants are authorized dealers, associated with the Plaintiffs.

26.     The Named Defendants have been operating under the trade name SONY and have been using Plaintiffs' MARKS, including the SONY mark, without authorization and absent any license and without permission.

27.     Upon information and belief, the Plaintiffs' MARKS are being used to attract consumers seeking customer service for SONY Products and services in connection with the repair and marketing of products similar to SONY Products and/or counterfeit SONY Products.

28.     **Exhibit D** shows examples of Named Defendants' infringing use of Plaintiffs' MARKS.

29.     The Named Defendants sell products other than SONY Products and sell products purporting to be SONY Products, and Named Defendants sales divert sales from SONY and the authorized Retail Location of SONY, and Named Defendants misuse of Plaintiffs' MARKS cause actual confusion among customers of SONY Products.

30.     The Named Defendants use of Plaintiffs' MARKS deceive the public and hold out Named Defendants as being authorized by SONY to sell SONY Products under SONY's limited warranties.

31.     Named Defendants' intentional and bad faith effort to infringe upon Plaintiffs' rights in Plaintiffs' MARKS and to deceive the public is further demonstrated by the fact that Named Defendants have used and promoted the designation SONY in all capitals, the font color blue or the font color white on a blue background, and featuring a font which is identical to Plaintiffs' frequently used, famous and registered MARKS, and after having first removed a

8

large storefront SONY sign, Named Defendants' replaced a SONY sign on its storefront of a similar size and identical font to the Plaintiffs' MARKS. (See **Exhibit D**.)

32.     Upon learning of infringing activities, on or about July 24-28, 2010, Plaintiffs' Brand Integrity Unit ("BIU") hand delivered a cease and desist letter to adult employees or managers of Digital4less, Inc., informing Named Defendants of Plaintiffs' prior use of its trade name and registered marks and demanding that Named Defendants cease and desist from the unauthorized and infringing use of Plaintiffs' MARKS.

33.     A second cease and desist letter was hand delivered to Digital4less, Inc. on or about June 18, 2012, which is attached as **Exhibit E**.

34.     A final cease and desist letter was mailed to Digital4less Inc. on our about June 18, 2012, a copy of which is attached as **Exhibit F**, and to Aijaz Ishaq on or about June 18, 2012, a copy of which is attached as **Exhibit G**.

35.     Defendant, Digital4Less, Inc., removed the large SONY storefront sign and replaced it with a generic ELECTRONICS sign or before May 2-5, 2011 as observed during an inspection by SONY's brand enforcement team, and Named Defendants, intentionally, blatantly and willfully reinstalled a large SONY storefront sign and continue to infringe Plaintiffs' MARKS at least as of on or about July 12, 2012 when the premises of Digital4Less were reinspected and photographed..

36.     During a final inspection on July 12, 2012 photographs of the continued use of Plaintiffs' MARKS were taken, and true and accurate copies of which are attached as **Exhibit H**.

37.     Named Defendants have continued, and upon information and belief will continue, to use the trade name, trademark and service mark SONY in violation of Plaintiffs' rights in its common law and federally registered marks, resulting in actual confusion of customers and giving rise to a likelihood of confusion among customers of SONY Products, diverting sales from the Retail Location and deceiving consumers into falsely believing that Named Defendants are authorized SONY retailers tarnishing Plaintiffs' MARKS.

38.     Named Defendants' conduct of continuing its infringing and deceptive practices

9

despite actual notice of Plaintiffs' prior trade name and service mark rights and Named Defendant's failure to cease and desist or even contact SONY for a license or authorization to use SONY's marks and sell SONY's products is further evidence that continued infringement by the Named Defendants of Plaintiffs' MARKS constitutes deliberate and intentional acts of willful infringement of Plaintiffs' rights in Plaintiffs' MARKS in bad faith and without any justification.

## COUNT I - TRADEMARK INFRINGEMENT

39.     Count I is a claim against Named Defendants, and each of them, for infringement of Plaintiffs' federally registered MARKS arising under the Trademark Act of 1946 (Lanham Act) (as amended), 15 U.S.C. §1051, et seq.

40.     Plaintiffs repeat and reallege the averments contained in **Paragraphs 1-38,** inclusive, of this Complaint as if fully set forth again at length and upon information and belief, some of Named Defendant's sales of purported SONY Products or counterfeit products may not be covered by the manufacture's limited warranty, which extends only to actual SONY Products sold by Sony Retailers authorized and trained to sell SONY Products in the United States.

41.     The actions of the Named Defendants herein complained of have caused actual confusion and are likely to cause confusion, to cause mistake or to deceive the public into erroneously believing that Named Defendants' services emanate from or are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with SONY and Sony Corporation, the owner of the U.S. Registrations as set forth herein.

42.     The acts of Named Defendants herein complained of constitute willful and deliberate infringement of Plaintiffs' MARKS and SONY'S U.S. Registrations as set forth herein.

43.     By reason of all the foregoing, Sony Corporation is being irreparably damaged by Named Defendants' activities in the manner set forth above, and will continue to be irreparably damaged unless Named Defendants are enjoined from the aforesaid acts.  Plaintiffs have no

adequate remedy at law.

44.    The acts of the Named Defendants divert sales from Sony Electronics, Inc. and its Retail Location.

## COUNT II – TRADE NAME INFRINGEMENT
## AND FALSE DESIGNATION OF ORIGIN

45.    Count II is a claim against Named Defendants, and each of them, for infringement of Plaintiffs' rights in and to the trade names SONY for false designations of origin and false descriptions and representations arising from each of the Named Defendants' use of the trade names and service marks SONY under §43(a) of the Lanham Act (as amended), 15 U.S.C. §1125(a).

46.    Plaintiffs repeat and reallege the averments contained in **Paragraphs 1-38**, inclusive, of this Complaint as if fully set forth again at length and upon information and belief, some of Named Defendant's sales of purported SONY Products or counterfeit products may not be covered by the manufacture's limited warranty, which extends only to actual SONY Products sold by Sony Retailers authorized and trained to sell SONY Products in the United States.

47.    The foregoing acts and conduct of Named Defendants constitute false designation of origin and infringement of Plaintiffs' trade name SONY and constitute false descriptions and representations to the effect that Named Defendants are Plaintiffs or are licensees of Plaintiffs or are authorized, endorsed, sponsored or approved by Plaintiffs or that Named Defendants' services or business activities originate with or are connected or associated with Plaintiffs.

48.    The foregoing acts and conduct of Named Defendants constitute willful and deliberate infringement of Plaintiffs' trade names SONY as well as false designations of origin and false descriptions and representations in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.    By reason of all of the foregoing, Plaintiffs are being irreparably damaged by Named Defendants' activities in the manner set forth above and will continue to be irreparably

damaged unless Named Defendants are enjoined from continuing to commit the aforesaid acts. Plaintiffs have no adequate remedy at law.

## COUNT III – COMMON LAW UNFAIR COMPETITION

50.     Count III is a claim against Named Defendants, and each of them, for unfair competition arising under the common law of the State of Florida.

51.     Plaintiffs repeat and reallege the averments contained in **Paragraphs 1-38**, inclusive, of the Complaint as if fully set forth again at length.

52.     By reason of all of the foregoing, Named Defendants are engaged in unfair competition with Plaintiffs by using the trade names, trademarks and service marks SONY in connection with the rendering, advertising and promotion of the sale of products and rendering of services, which has actually deceived or is likely to deceive and confuse the public into believing that Named Defendants' services and business are those of Plaintiffs or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiffs and by misappropriating or attempting to misappropriate Plaintiffs' MARKS and the goodwill and reputation which are associated therewith.

53.     Upon information and belief, some of Named Defendant's sales of purported SONY Products or counterfeit products may not be covered by the manufacture's limited warranty, which extends only to actual SONY Products sold by Sony Retailers authorized and trained to sell SONY Products in the United States.

54.     By reason of all of the foregoing, Plaintiffs are being irreparably damaged by Named Defendants' activities in the manner set forth above and will continue to be irreparably damaged unless Named Defendants are enjoined from continuing to commit the aforesaid acts. Plaintiffs have no adequate remedy at law.

## COUNT IV
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

55.     Count IV is a claim against each of the Named Defendants for violation of the

Florida Deceptive and Unfair Trade Practices Act under Chapter 501 of the Florida Statutes.

56.   Plaintiffs repeat and reallege the averments contained in **Paragraphs 1-38**, inclusive, of the Complaint as if fully set forth again at length.

57.   Upon information and belief, some of Named Defendant's sales of purported SONY Products or counterfeit products may not be covered by the manufacture's limited warranty, which extends only to actual SONY Products sold by Sony Retailers authorized and trained to sell SONY Products in the United States.

58.   By reason of all the foregoing, the Named Defendants' actions actually deceive or are likely to deceive and mislead the public into believing that the Named Defendants are Plaintiffs or are licensees of Plaintiffs or are authorized, endorsed, sponsored or approved by Plaintiffs or that the Named Defendants' services or business activities originate with or are connected or associated with Plaintiffs.

59.   By reason of all the foregoing, the Named Defendants' actions constitute willfully unfair and deceptive conduct in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, et seq.

60.   By reason of all of the foregoing, Plaintiffs are being irreparably damaged by each of the Named Defendants' activities in the manner set forth above and will continue to be irreparably damaged unless Named Defendants are enjoined from the aforesaid acts.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for the following relief:

A.   An Order permanently enjoining, preliminarily enjoining and restraining Named Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using the Plaintiffs' MARKS either alone or in combination with other designation(s), including but not limited to the designations: SONY and any other designations which are

13

confusingly similar to any of Plaintiffs' MARKS as trade names, company names, service marks, trademarks, Internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale and/or rendering of services or SONY Products and/or any other related goods or services and/or other electronics products;

B.  An Order permanently enjoining, temporarily enjoining and restraining Named Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from engaging in any acts of trademark, service mark or trade name infringement and/or using or engaging in any false descriptions or representations or any false designations of origin and/or from committing any acts of federal or state dilution and/or from otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs and/or Plaintiffs' Family of MARKS in connection with the advertising, promotion, offering for sale, sale, and/or rendering of sales and services;

C.  An award to Plaintiffs against Named Defendants of Named Defendants' profits and Plaintiffs' actual damages and/or if elected by Plaintiffs, statutory damages pursuant to §§ 35(d) and 43(d) of the Lanham Act, 15 U.S.C. §§ 1117(d) and 1125(d);

D.  A trebling of the damages and profits awarded to Plaintiffs on account of Named Defendants' willful infringement of Plaintiff's MARKS;

E.  An award to Plaintiffs against Named Defendants of such punitive damages as are appropriate in view of the willful conduct and bad faith on the part of Named Defendants;

F.  An award to Plaintiffs of costs in this action including Plaintiffs' reasonable attorneys fees;

G.    An Order permanently enjoining, preliminarily enjoining and restraining Named Defendant's, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, from offering to sell SONY Products as new products subject to SONY's manufacturer's limited warranty.

H.    Such other and further relief as the Court may deem just and equitable under the circumstances herein.

Dated: ___12-18___, 2012

Christopher Paradies
Bar No. 0013014
TRIAL COUNSEL
Attorney for Sony Corporation and
   Sony Electronics, Inc.
FOWLER WHITE BOGGS P.A.
P.O. Box 1438
501 East Kennedy Blvd.
Tampa, FL 33601
Telephone: (813) 222-1190
Fax No. (813) 229-8313
Email: cparadies@fowlerwhite.com

45126023v1