# EXHIBIT F



# FOWLER WHITE BOGGS
Attorneys at Law
Est 1943

June 18, 2012

**Via U.S. Mail and Hand Delivery**

Mr. Aijaz Ishaq, President
DIGTIAL4LESS, INC./LAPTOPS4LESS
5001 B W. Irlo Bronson Memorial HWY
Kissimmee, FL 34746

        Re:    **SONY Trademark Infringement Matter**
                 FWB File No. 111-2504

Dear Mr. Ishaq:

    This law firm represents Sony Electronics, Inc. and Sony Corporation ("SONY"). We are writing to you due to DIGTIAL4LESS, INC./LAPTOPS4LESS's infringing use of our client's "SONY" mark at your retail location at 5001 B W. Irlo Bronson Memorial HWY, Kissimmee, FL 34746 and unauthorized sales of Sony products.

    As you likely are aware, my client, Sony Electronics, Inc. adopted the mark SONY, and variations thereof, for its electronic products, and related services, and has been marketing and selling such electronic products and services to the public since at least as early as December 1969. As such, the marks SONY, and variations thereof (hereafter, "the SONY Marks") have been used to identify and distinguish our Client's electronic services from those of others since that time. Sony has continuously used the SONY Marks since at least as early as 1969, and has established substantial goodwill and valuable customer recognition in its SONY Marks. Further, Sony owns three (3) federal registrations on the Principal Register of the United States Patent and Trademark Office for the SONY Marks in connection with its electronic products and related services. The SONY Marks are famous marks and your use of my client's famous marks for sale of electronics to consumers is willful and has continued after repeated notification of Sony's brand protection team.

    DIGTIAL4LESS, INC./LAPTOPS4LESS's infringing use of "SONY" at its retail establishment has caused actual confusion and is likely to cause confusion among consumers in that it is likely to lead consumers to believe that there is an association, affiliation, or sponsorship between DIGTIAL4LESS, INC./LAPTOPS4LESS's electronic services, and SONY, when, in fact, there is no such association. Such confusion is even more likely because your use of SONY is identical to my Client's SONY Marks, and furthermore, DIGTIAL4LESS, INC./LAPTOPS4LESS's electronic services, which feature my Client's distinctive SONY Marks, offer services and information similar to the information and services offered by SONY

FOWLER WHITE BOGGS P.A.
TAMPA • FORT MYERS • TALLAHASSEE • JACKSONVILLE • FORT LAUDERDALE

501 EAST KENNEDY BLVD., SUITE 1700 • TAMPA, FLORIDA 33602 • P.O. BOX 1438 • TAMPA, FL 33601
TELEPHONE (813) 228-7411 • FAX (813) 229-8313 • www.fowlerwhite.com

Re: SONY Trademark Infringement Matter
June 18 2012
Page 2 of 3

---

authorized retailers. Moreover, DIGTIAL4LESS, INC./LAPTOPS4LESS's use of the name/mark SONY is likely to dilute the distinctive quality of our Client's SONY Marks. Such SONY Marks are extremely important assets which our Client vigorously protects to maintain its rights under United States trademark law. Accordingly, DIGTIAL4LESS, INC./LAPTOPS4LESS's use of the name/mark SONY cannot be tolerated.

In addition, having acquired legitimate intellectual property rights in its SONY Marks, our Client is entitled to the protections and remedies afforded by the Lanham Act (hereinafter "the Act"). The Act, provides legal remedies for the "bad faith" registration of domain names as a protection for trademarks and trademark owners. The consequences of "cybersquatting" under the Act can be quite severe. The trademark owner can recover statutory damages of not less than $1,000.00 and not more than $100,000.00 per domain name, in addition to actual damages and attorney's fees. Injunctive relief is also available, along with the right to cancel or transfer the registration, and the law permits the prevailing party to recover its attorney's fees. It is our position that our Client's SONY Marks are distinctive marks and that DIGTIAL4LESS, INC./LAPTOPS4LESS has trafficked in, and used a trademark name that is identical to, confusingly similar to, and dilutive of such SONY Marks, possibly with bad faith intent to profit from such mark.

Moreover, some sales of SONY products by you to customers are not entitled to warranty protection to the same extent as sales by authorized resellers. Therefore, your deceptive and unfair practices harm consumers in Florida. Accordingly, our Client hereby demands that DIGTIAL4LESS, INC./LAPTOPS4LESS immediately cease using the name/mark "SONY" in connection with any electronic services or any website, advertising, corporate name, trade name, trademark, service mark or domain name, as any such use is in violation of our Client's common law and statutory rights in its SONY Marks. DIGTIAL4LESS, INC./LAPTOPS4LESS should understand that with our Client's extensive and long-running use of its SONY Marks, such trademarks/service marks are extremely valuable, and all necessary steps to protect them will be taken. On behalf of our Client, we urge DIGTIAL4LESS, INC./LAPTOPS4LESS to avoid expensive and unproductive litigation by immediately agreeing, in writing, (i) to cease all use of the name/mark "SONY" as the name of its retail location (ii) to remove all signage bearing the SONY Marks and (iii) to take down and transfer any domain names, including SONY and websites including SONY Marks in relation to electronic goods and services; (iv) cease any and all sales of SONY products unless and until you become an authorized reseller of SONY Products; and (v) agree to pay $3,000.00 for SONY's reasonable fees and expenses.

If we have received no response from DIGTIAL4LESS, INC./LAPTOPS4LESS or its counsel within seven (7) days from the date of this letter, SONY will take the necessary legal action to stop such use, including federal legal action for trademark infringement, trademark

Re: SONY Trademark Infringement Matter
June 18 2012
Page 3 of 3

---

dilution, unfair competition and any other causes of actions, remedies and damages available to it. A draft complaint is attached to this letter, which will be filed with the District Court for the Middle District of Florida. If legal action is necessary, be advised that we will seek to hold DIGTIAL4LESS, INC./LAPTOPS4LESS responsible for reimbursing our Client's reasonable attorney's fees and court costs which may be substantial.

Any continued use of the name/mark SONY by DIGTIAL4LESS, INC./LAPTOPS4LESS and continued unauthorized sales of SONY Products will result in additional damages being incurred by our Client. Please be aware that Sony Electronics, Inc. intends to defend its ownership of its SONY Marks to the full extent of the law. This demand is without prejudice to the assertion of any other rights, damages or remedies available to Sony Electronics, Inc.

We thank you for your prompt attention to this matter.

Very truly yours,

FOWLER WHITE BOGGS P.A.

By: _____
Christopher Paradies, PhD
Intellectual Property Counsel