# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SONY CORPORATION and SONY ELECTRONICS, INC.,**

          **Plaintiffs,**

**v.**                                                      **Case No:  6:12-cv-1893-Orl-28GJK**

**DIGITAL4LESS, INC. and AIJAZ ISHAQ,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS DIGITAL4LESS AND AIJAZ ISHAQ (Doc. No. 16)** |
| **FILED:** | **July 23, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND.

On December 19, 2012, Sony Corporation and Sony Electronics, Inc. (the "Plaintiffs") filed a complaint (the "Complaint") against Digital4Less, Inc., and Aijaz Ishaq (the "Defendants").  Doc. No. 1.[1]  The Complaint asserts four causes of action: 1) trademark

---

[1] The Complaint alleges that "Sony Electronics, Inc., is a . . . subsidiary of Sony Corporation of America, which is a subsidiary of Plaintiff, Sony Corporation, which owns rights in the marks at issue in this litigation[.]"  Doc. No. 1 at

infringement; 2) trade name infringement and false designation of origin; 3) common law unfair competition; and 4) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Doc. No. 1 at 10-13.

Plaintiffs are prominent, well known providers of personal and professional electronic devices.  *See* Doc. No. 1 at ¶¶ 2, 13.  Plaintiffs allege the following: Sony Corporation owns three federally registered versions of the "SONY" trademark (the "Marks").  Doc. No. 1 at ¶ 15.[2] Plaintiffs have used the Marks "in connection with advertising, promotion, sale and distribution of SONY Products" since 1982.  Doc. No. 1 at ¶ 14.  During that time, Plaintiffs have expended time and capital in advertising the Marks throughout the United States and developing the Marks as a symbol associated with high quality products.  Doc. No. 1 at ¶ 16.  As a result of these efforts, the Marks have become "extremely famous and well-known" in the United States and have acquired "substantial goodwill and public recognition[.]"  Doc. No. 1 at ¶ 23.

Plaintiffs allege that they have multiple authorized retailers ("Sony Retailers") throughout Florida.  Doc. No. 1 at ¶ 22.  Sony Retailers are enrolled in the Sony Retailer Network and are trained by Plaintiffs to answer customer questions about Sony products.  Doc. No. 1 at ¶ 22. Some Sony products are covered by a limited warranty which provides Plaintiffs with the option to "repair or replace a product determined to be defective[.]"  Doc. No. 1 at ¶ 22.  The limited warranty only applies to Sony products sold by Plaintiffs or Sony Retailers.  Doc. No. 1 at ¶ 22.

Defendants are alleged to own and operate a business in Kissimmee, Florida, which sells various electronic devices and services.  Doc. No. 1 at ¶¶ 6-7, 24.  Plaintiffs allege that Defendants conduct their business "under trade names and service marks which consist of and/or

---

¶ 1.

[2] The Marks were issued the following trademark registration numbers: 1,207,979; 1,258,436; and 1,622,127.  Doc. Nos. 1 at ¶ 15; 1-3 at 2, 5, 8.

incorporate the Plaintiffs' MARKS including, without limitation, large and prominent SONY signs" on the front of their business.  Doc. No. 1 at ¶ 25.[3]  Plaintiffs allege that Defendants are not Sony Retailers, are not enrolled in the Sony Retailer Network, and are not authorized to use Plaintiffs' Marks.  Doc. No. 1 at ¶¶ 22, 26.  Plaintiffs allege that Defendants' use of the Marks "cause actual confusion among customers of SONY Products."  Doc. No. 1 at ¶ 29.  Specifically, Plaintiffs allege that Defendants' use of the Marks "deceive the public and hold out . . . Defendants as being authorized by SONY to sell SONY Products under SONY's limited warranties."  Doc. No. 1 at ¶ 30.  As a result, Plaintiffs allege that Defendants' use of the Marks divert sales from them and Sony Retailers and "attract consumers seeking customer service for SONY Products and services in connection with the repair and marketing of products similar to SONY Products and/or counterfeit SONY Products."  Doc. No. 1 at ¶ 27.  Plaintiffs further allege that Defendants continue to use the Marks, and that such use "constitutes deliberate and intentional acts of willful infringement[.]"  Doc. No. 1 at ¶¶ 37-38.[4]

The Complaint's prayer for relief seeks both a permanent injunction and damages.  Doc. No. 1 at 13-15.  Specifically, the Complaint requests the following injunctive relief:

> A. An Order permanently enjoining . . . Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using the Plaintiffs' MARKS either alone or in combination with other designation(s), including but not limited to the designations: SONY and any other designations which are confusingly similar to any of Plaintiffs' MARKS as trade names, company names, service marks, trademarks, Internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale and/or rendering

---

[3] Several photographs attached to the Complaint depict Plaintiffs' Marks on Defendants' business.  Doc. Nos. 1-5 at 2-3; 1-9 at 2-3.

[4] Prior to filing the Complaint, Plaintiffs sent several correspondences to Defendants requesting that they discontinue the use of Plaintiffs' Marks.  Doc. Nos. 1 at ¶¶ 32-34; 1-6 at 2-4; 1-7 at 2-4; 1-8 at 2-4.  While Defendants did, for a period of time, comply with Plaintiffs' requests, they eventually reinstalled signs depicting Plaintiffs' Marks.  Doc. No. 1 at ¶¶ 35-36.

of services or SONY Products and/or any other related goods or services and/or other electronics products;

B. An Order permanently enjoining . . . Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from engaging in any acts of trademark, service mark or trade name infringement and/or using or engaging in any false descriptions or representations or any false designations of origin and/or from committing any acts of federal or state dilution and/or from otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs and/or Plaintiffs' Family of MARKS in connection with the advertising, promotion, offering for sale, sale, and/or rendering of sales and services;

. . .

G. An Order permanently enjoining . . . Defendant[s], their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, from offering to sell SONY Products as new products subject to SONY's manufacturer's limited warranty.

Doc. No. 1 at 13-15.  With respect to Plaintiffs' request for damages, Plaintiffs seek an award of Defendants' profits and Plaintiffs' actual damages, or in the alternative, statutory damages. Doc. No. 1 at 14.   Plaintiffs also request treble damages and punitive damages, as well as attorney fees and costs.  Doc. No. 1 at 14.

On January 7, 2013, Plaintiffs filed two affidavits of service indicating that Defendants were served with the summons and Complaint on December 21, 2012.   Doc. Nos. 6; 7. Defendants did not file an answer or otherwise appear in the time provided by the Federal Rules of Civil Procedure.  On April 26, 2013, Plaintiffs filed a Motion for Default, requesting that the Clerk of Court enter default against Defendants.  Doc. No. 11.  On April 29, 2013, the Clerk of Court entered default against Defendants.  Doc. Nos. 13; 14.  On July 23, 2013, Plaintiffs filed a Motion for Default Final Judgment and Permanent Injunction Against Defendants Digital4Less

and Aijaz Ishaq (the "Motion").  Doc. No. 16.[5]

## II.  STANDARD OF REVIEW.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  However, the mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court.  *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[6]  Rather, the Court must find that there is a sufficient basis in the pleadings to support the entry of the judgment.  *Id.*; *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").  Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

## III.  ANALYSIS.

Plaintiffs "submit that the pleadings set forth a sufficient basis for judgment to be entered in connection with their claims for infringement of a federally-registered trademark, false designation or description of origin of services[,] unfair competition[,] and violation of the Florida Deceptive and Unfair Trade Practices Act."  Doc. No. 16 at ¶ 7.[7]  However, Plaintiffs

---

[5] Attached to the Motion is a proposed judgment.  Doc. No. 16-1.

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[7] Although the Complaint asserts trade name infringement under 15 U.S.C. § 1125(a), Plaintiffs have not requested

failed to provide the Court with any argument regarding the required showing for these claims.
*See* Doc. No. 16.   Similarly, without argument, Plaintiffs request that the Court enter a
permanent injunction against Defendants in the form contained in the proposed judgment
attached to the Motion.   Doc. No. 16 at 6.[8]

### A.  Trademark Infringement.

Under the Lanham Act, a defendant is liable for infringement, if, "without the consent of
the registrant" he or she:

> use in commerce any reproduction, counterfeit, copy, or colorable
> imitation of a registered mark in connection with the sale, offering
> for sale, distribution, or advertising of any goods or services on or
> in connection with which such use is likely to cause confusion, or
> to cause mistake, or to deceive[.]

15 U.S.C. § 1114(1)(a).   Accordingly, to prevail on a claim for trademark infringement, a
plaintiff must demonstrate that "'(1) its mark was used in commerce by the defendant without
the [plaintiff's] consent and (2) the unauthorized use was likely to cause confusion, or to cause
mistake or to deceive.'"   *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d
1231, 1241 (11th Cir. 2007) (quoting *Burger King Corp. v. Mason*, 710 F.2d 1480, 1491 (11th
Cir. 1983)).   Here, the Complaint alleges that Defendants use the Marks in commerce by
displaying the Marks on their business.   *See* Doc. No. 1 at ¶¶ 25-26, 31; *see also* Doc. Nos. 1-5 at
2-3; 1-9 at 2-3.   The Complaint further alleges that Defendants are not authorized to use
Plaintiffs' Marks.   Doc. No. 1 at ¶ 26.   Finally, the Complaint alleges that Defendants' use of the
Marks has actually caused confusion and is likely to cause confusion, mistake, and to deceive.

---

final default judgment on that claim.  *Compare* Doc. No. 1 at ¶¶ 45-49 *with* Doc. No. 16 at ¶ 7.  Therefore, the
undersigned will not consider whether Plaintiffs have sufficiently pled a claim for trade name infringement against
Defendants.

[8] Notably, the Motion does not request an award of damages or attorney fees and costs.  *See* Doc. No. 16.  Similarly,
the proposed judgment does not contain an award of damages or attorney fees and costs.  *See* Doc. No. 16-1.
Accordingly, Plaintiffs have waived those requests for relief.

Doc. No. 1 at ¶¶ 25, 29-31, 37, 41.   Accepting these well-pled allegations as true, the undersigned finds that Plaintiffs have sufficiently pled a claim of trademark infringement against Defendants.   Accordingly, it is **RECOMMENDED** that the Court find that Plaintiffs are entitled to default judgment on their claim of trademark infringement.

### B.   False Designation of Origin.

To prevail on a claim of false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must demonstrate "(1) that [he or she] had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that consumers were likely to confuse the two.'"   *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 648-49 (11th Cir. 2007) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997)); *see also Ross Bicycles, Inc. v. Cycles USA, Inc.*, 765 F.2d 1502, 1503 (11th Cir. 1985) ("To prevail on a false designation of origin claim under 15 U.S.C. § 1125(a) a plaintiff must establish that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods.").   Here, the Complaint alleges that Plaintiff Sony Corporation owns the Marks at issue.   Doc. No. 1 at ¶ 15; *see also* Doc. No. 1-3 at 2, 5, 8.   The Complaint further alleges that Defendants' unauthorized use of the Marks has actually caused and is likely to cause confusion among consumers.   Doc. No. 1 at ¶¶ 25, 29, 37, 47.   Accepting these well-pled allegations as true, the undersigned finds that Plaintiffs have sufficiently pled a claim of false designation of origin against Defendants. Accordingly, it is **RECOMMENDED** that the Court find that Plaintiffs are entitled to default judgment on their claim of false designation of origin under § 1125(a).

###### C. Common Law Unfair Competition.

Under Florida common law, unfair competition is an "'umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.'" *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1325 (M.D. Fla. 2007) (quoting *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir. 1974)).  For example, a party may claim unfair competition under a variety of theories, including trademark infringement, *Monsanto Co. v. Campuzano*, 206 F.Supp.2d 1252, 1267 (S.D. Fla. 2002), and tortious interference with business relations, *Mfg. Research Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982).  As such, there is no single set of "elements that apply uniformly to all claims of unfair competition[.]" *Alphamed Pharm. Corp. v. Arriva Pharm., Inc.*, 432 F.Supp.2d 1319, 1353 (S.D. Fla. 2006).  Accordingly, courts have applied elements from other established claims to unfair competition claims, where appropriate, on a case-by-case basis.  *See, e.g.*, *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n.4 (11th Cir. 2001) (using the elements of a federal trademark infringement claim to a evaluate the sufficiency of an unfair competition claim based on trademark infringement); *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1521 (11th Cir. 1991) (same); *Mfg. Research Corp.*, 693 F.2d at 1040 (applying the elements of a claim for tortious interference to a claim for unfair competition based on tortious interference); *Alphamed*, 432 F.Supp.2d at 1354 (same).

Here, Plaintiffs base their common law unfair competition claim on a theory of false designation of origin under § 1125(a).  *See* Doc. No. 1 at ¶ 52.  Accordingly, the Court looks to the elements of false designation of origin under § 1125(a) to determine whether Plaintiffs have sufficiently pled a claim of common law unfair competition.  *See, e.g.*, *Planetary Motion*, 261

F.3d at 1193 n.4.  Since Plaintiffs have sufficiently pled a claim of false designation of origin under § 1125(a), *see supra* p. 7, the undersigned finds that Plaintiffs have also sufficiently pled a claim of common law unfair competition.  Accordingly, it is **RECOMMENDED** that the Court find that Plaintiffs are entitled to default judgment on their claim of common law unfair competition.

### D. FDUTPA.

The FDUTPA declares unlawful any method of unfair competition, unconscionable acts or practices, and unfair or deceptive acts or practices.  Fla. Stat. § 501.204(1).  Trademark infringement is an unfair and deceptive act that constitutes a violation under the FDUTPA. *Marco's Franchising, LLC v. Marco's Italian Express, Inc.*, Case No. 8:06-cv-00670-T-17-TGW, 2007 WL 2028845, at *3 (M.D. Fla. July 9, 2007) (quoting *Sun Prot. Factory, Inc. v. Tender Corp.*, Case No. 604CV732ORL19KRS, 2005 WL 2484710, at *13 (M.D. Fla. Oct. 7, 2005); *TracFone Wireless, Inc. v. GSM Grp., Inc.*, 555 F.Supp.2d 1331, 1338 (S.D. Fla. 2008). Therefore, since Plaintiffs have sufficiently pled a claim for trademark infringement, *see supra* p. 6-7, the undersigned finds that they have also sufficiently pled a claim under the FDUTPA.  *See, e.g.*, *Sony Corp. v. Discount Cameras & Computers, Inc.*, Case No. 6:12-cv-1892-Orl-37DAB, 2013 WL 4780077, at *2 (M.D. Fla. Sept. 5, 2013) (concluding that plaintiffs sufficiently pled a claim under the FDUTPA, and therefore were entitled to default judgment on said claim, because plaintiffs sufficiently pled a claim for trademark infringement).  Accordingly, it is **RECOMMENDED** that the Court find that Plaintiffs are entitled to default judgment on their claim that Defendants violated the FDUTPA.

### E.  Permanent Injunction.

"Federal courts may grant permanent injunctions where infringement is found to have occurred in order to prevent further infringing use of a mark[.]"  *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1242 (11th Cir. 2008).[9]  A plaintiff seeking a permanent injunction must demonstrate the following: 1) it has suffered an irreparable injury; 2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) the public interest would not be disserved by a permanent injunction.  *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Although the Motion presents no argument as to why a permanent injunction should be entered, the well-pled allegations of the Complaint nevertheless establish each of the necessary elements.[10]  In particular, the well-pled allegations of the Complaint establish that the Marks have acquired "substantial goodwill and public recognition[.]"  Doc. No. 1 at ¶ 23.  The well-plead allegations of the Complaint also establish that Defendants' unauthorized use of the Marks has caused actual confusion among consumers, which, in turn, diverts sales away from Plaintiffs and Sony Retailers.  Doc. No. 1 at ¶¶ 41, 44.  Further, the well-plead allegations of the Complaint establish that despite Plaintiffs' repeated requests to cease and desist use of their Marks (*See* Doc. Nos. 1-6; 1-7; 1-8), Defendants continue to use the Marks, which, in turn,

---

[9] Additionally, Plaintiffs' claims of false designation of origin, common law unfair competition, and violation of the FDUTPA each permit injunctive relief.  *See* 15 U.S.C. § 1116(a) (providing injunctive relief for a violation of § 1125(a)); *Am. Bank of Merritt Island v. First Am. Bank & Trust*, 455 So.2d 443, 445-46 (Fla. 5th DCA 1984) (common law unfair competition); Fla. Stat. § 501.211(1) (FDUTPA).

[10] This is the second case in which Plaintiffs have failed to present any argument as to why a permanent injunction should be entered.  *See Sony Corp.*, 2013 WL 4780077, at *7 (considering whether a permanent injunction was warranted, and subsequently granting a permanent injunction, despite plaintiffs' failure to present any argument concerning their entitlement to a permanent injunction).

tarnishes the Marks' goodwill and reputation (Doc. No. 1 at ¶ 37).  Accepting these well-pled allegations as true, the undersigned finds that Plaintiffs have established that they have suffered, and continue to suffer, irreparable injury, which no remedy at law can adequately compensate. *See, e.g.*, *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 191 (11th Cir. 2005) ("[G]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill.") (quoting *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 805 (3d Cir. 1998)).[11]

Further, Defendants failed to appear so they have not shown that they will suffer any hardship if permanently enjoined from the unauthorized use of the Marks.  Notwithstanding this fact, it is likely that Defendants will incur some expense in removing the Marks from their business.  This slight and fleeting hardship, however, is outweighed by the harm Plaintiffs and their Marks will continued to suffer (e.g., lost sales and tarnishing of the Marks' goodwill and reputation) if Defendants are not permanently enjoined from the unauthorized use of the Marks. Additionally, a permanent injunction against Defendants' unauthorized use of the Marks will make it significantly less likely that consumers will believe that Defendants are affiliated with Plaintiffs and licensed to sell Plaintiffs' products with a limited warranty.  As such, the undersigned finds that a permanent injunction against Defendants' unauthorized use of the Marks would serve the public's interest.  *See Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 ("the public interest is served by preventing consumer confusion in the marketplace"). Given the foregoing, it is **RECOMMENDED** that the Court permanently enjoin Defendants' use of the Marks.

---

[11] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

However, the undersigned cannot recommend entry of the proposed judgment submitted to the Court (Doc. No. 16-1) because some of the relief therein differs from the relief requested in the Complaint.  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  The proposed judgment contains the following relief:

> ORDERED and ADJUDGED that the Defendants, DIGITAL4LESS, INC., and AIJAZ ISHAQ, along with their officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this injunction, be hereby permanently restrained and enjoined from using the Plaintiffs' federal[ly]-registered SONY Trademarks, either alone or in combination with other designation(s) or any other designations which are confusingly similar to any of Plaintiffs' SONY Trademarks, as trade names, company names, service marks, trademarks, Internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale or sale of SONY® Products, other electronic products, or any other goods or services; and it is further

> ORDERED and ADJUDGED that the Defendants, DIGITAL4LESS, INC., and AIJAZ ISHAQ, along with their officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this injunction, be hereby permanently restrained and enjoined from (i) engaging in any acts of trademark, service mark or trade name infringement, (ii) using or engaging in any false descriptions or representations or any false designations of origin, (iii) committing any acts of federal or state dilution or (iv) engaging in any acts of deceptive or unfair trade practices or unfair competition, with respect to Plaintiffs' SONY Trademarks; and it is further

> ORDERED and ADJUDGED that the Defendants, DIGITAL4LESS, INC., and AIJAZ ISHAQ, shall, within fifteen (15) days of the date of entry of this Final Judgment and Permanent Injunction, remove from the premises located at 5001B West Irlo Bronson Highway 192, Kissimmee, Florida 34746, all signage including, but not limited to, street signs, posters, wall signage, illuminated signage and window signage (including painted signage), bearing one or more of the SONY Trademarks or

any mark confusingly similar to one or more of the SONY Trademarks; and it is further

ORDERED and ADJUDGED that, in the event that the Defendants, DIGITAL4LESS, INC., and AIJAZ ISHAQ, fail to remove from the business premises located at 5001B West Irlo Bronson Highway 192, Kissimmee, Florida 34746, all signage bearing one or more of the SONY Trademarks or any mark confusingly similar to one or more of the SONY Trademarks, within fifteen (15) days of the date of entry of this Final Judgment and Permanent Injunction, then the Court hereby authorizes the Plaintiffs and their representatives (including any third parties retained by Plaintiff[s]) to enter the property and premises located [at] 5001B West Irlo Bronson Highway 192, Kissimmee, Florida 34746, and remov[e] all signage bearing one or more of the SONY [T]rademarks or any mark confusingly similar to one or more of the SONY Trademarks; and it is further

ORDERED and ADJUDGED that, in the event the Plaintiffs incur any costs in connection with the removal of the signage from the property and premise[s] located at 5001B West Irlo Bronson Highway 192, Kissimmee, Florida 34746, then the Plaintiffs may apply to this Court for an award of such costs against the Defendants, DIGITAL4LESS, INC. and AIJAZ ISHAQ . . . ; and it is further

ORDERED and ADJUDGED that this Court shall retain jurisdiction over this matter for the purposes of enforcing the provisions of this Default Final Judgment and Permanent Injunction, including a determination of an award of costs to Plaintiff[s] for expenses [incurred] by Plaintiffs in connection with the removal of any signage as set forth in the previous paragraph.

Doc. No. 16-1 at 2-5. The relief sought in the first two paragraphs is materially similar to the relief sought in paragraphs A and B of the Complaint, and is reasonably tailored to prohibit Defendants' unauthorized use of the Marks. *Compare* Doc. No. 1 at 13-14 *with* Doc. No. 16-1 at 2. However, the relief sought in the last four paragraphs of the proposed judgment differs in kind from the relief sought in the Complaint. Specifically, these paragraphs contain relief that was not requested in the Complaint. *Compare* Doc. No. 1 at 13-15 *with* Doc. No. 16-1 at 3-4. Accordingly, Plaintiffs are not entitled to the relief requested in the last four paragraphs. Fed. R.

Civ. P. 54(c).  Further, the undersigned notes that the proposed judgment does not contain relief similar to that sought in paragraph G of the Complaint.  *Compare* Doc. No. 1 at 15 *with* Doc. No. 16-1 at 2-4.   Given Plaintiffs failure to request such relief in the proposed judgment, the undersigned finds that Plaintiffs have abandoned the relief sought in paragraph G of the Complaint.

## IV.    <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 16) be **GRANTED** as follows:

    a.  Enter default judgment against the Defendants; and

    b.  Enter a permanent injunction enjoining Defendants their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from:

        i.  Using the Plaintiffs' Marks as trade names, company names, service marks, trademarks, Internet domain names, or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale, and/or rendering of services or SONY products and/or any other related goods or services and/or other electronics products; and

        ii.  Engaging in any acts of trademark, service mark, or trade name infringement and/or using or engaging in any false descriptions or representations or any false designations of origin and/or committing any acts of federal or state dilution and/or otherwise engaging in any acts of deceptive or unfair trade practices or unfair

- 14 -

competition with respect to Plaintiffs and/or Plaintiffs' family of Marks in connection with the advertising, promotion, offering for sale, sale, and/or rendering of sales and services;

2.  Otherwise, **DENY** the Motion; and

3.  Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 3, 2013.

THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy